RANDY S. GROSSMAN
Acting United States Attorney
C. SETH ASKINS
CA Bar No. 235190
LYNDZIE M. CARTER
KS/CA Bar Nos. 25773/327390
Assistant United States Attorneys
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-6692/8780
Email: seth.askins@usdoj.gov
      lyndzie.carter@usdoj.gov
Attorneys for Plaintiff United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO HURTADO,<br><br>Defendant. | Case No. 21-CR-1615-JLS<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE TRIAL**<br><br>Date: December 17, 2021<br>Time: 2:00 p.m. |

Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Randy S. Grossman, Acting United States Attorney, and C. Seth Askins and Lyndzie M. Carter, Assistant United States Attorneys, hereby files its response in opposition to Defendant Antonio Hurtado's motion to continue trial in this case.

## I.

## PROCEDURAL HISTORY

On May 2, 2021, Defendant Antonio Hurtado ("Defendant") was arrested after the boat he was piloting ran aground off the coast of Point Loma and broke apart. [ECF 1.] He was charged via Complaint initially, and on May 28, 2021, a federal grand jury returned a

1  24-count Indictment charging Defendant with Attempted Bringing In Aliens Resulting in
2  Death, Attempted Bringing In Aliens for Financial Gain, Attempted Bringing in Aliens at
3  Other Than a Port of Entry, and Assault on a Federal Officer. [ECF 55.]  A motion hearing
4  and trial setting was scheduled for July 9, 2021, but was continued to August 13, 2021,
5  prior to court. [ECF 99.] The motion hearing and trial setting was then continued again by
6  joint motion of the parties to September 17, 2021. [ECF 101.]  On that date, the Court
7  scheduled trial to begin four months later, on January 18, 2022. [ECF 106.]  A hearing on
8  the parties' motions *in limine* is scheduled for December 17, 2022 at 2:00 p.m., but only
9  the Government has filed motions. [ECF 107.]
10     On December 13, 2022, Defendant filed a motion to continue the trial. [ECF 108.]
11 The Government responds herein.

## II.
## LEGAL STANDARD

Ninth Circuit precedent establishes that in ruling on a defendant's motion to continue trial, the district should focus on four factors: (1) the defendant's diligence in preparing his defense prior to the trial date; (2) whether the continuance would satisfy the defendant's needs; (3) the inconvenience a continuance would cause the court and the Government; and (4) the extent to which the defendant would suffer prejudice if the requested continuance is denied.  *See, e.g., United States v. Zamora-Hernandez*, 222 F3d 1046, 1049 (9th Cir. 2000).  The weight attributed "to any single factor may vary with the extent of the showings on the other factors." *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985).

The district court's ruling granting or denying a request for a continuance is reviewed for abuse of discretion. *See United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999); *Flynt*, 756 F.2d at 1358 (9th Cir. 1985).  The Supreme Court has noted that "broad discretion must be granted trial courts on matters of continuances." *Morris v. Slappy*, 461 U.S. 1, 11 (1983).

/ /

/ /

# III.

# ARGUMENT

For the reasons set forth below, the Court should deny Defendant's motion for a continuance of the trial date, which is still over one month away.

## A. Defendant's Diligence

In his motion, Defendant argues that he has diligently attempted to prepare for trial but has been frustrated in those attempts by various complications: lockdowns at the Metropolitan Correctional Center due to COVID-19, difficulties in obtaining phone calls with defense counsel, the fact that both he and his counsel contracted COVID-19 at some point in the last three months, and defense counsel's attention to other cases in both federal and state courts. [ECF 108 at 2-3.] To support these claims, Defendant provides a Declaration from his defense counsel. [ECF 108-1 at 1-4.]

As the Court is well aware, many other cases have been prepared for and proceeded to trial throughout the COVID-19 pandemic and especially throughout 2021. Presumably, the defendants and defense counsel in those cases also had to deal with many of these same challenges (e.g. lockdowns, difficulties in obtaining phone calls, defense counsel's other pending cases) and yet managed to prepare for trial in a timely manner. However, because the Government has no specific information contrary to that contained in defense counsel's Declaration, the Government takes no position as to this factor and defers to the Court as to the adequacy of the efforts proffered by Defendant and defense counsel.

## B. Whether a Continuance Satisfies Defendant's Needs

The Government concedes that if the Court grants the continuance, that will indeed provide Defendant with additional time to prepare for trial. However, the issue is whether additional time is truly needed, as discussed below in the context of the fourth factor – prejudice to Defendant if the continuance is denied.

## C. Prejudice to the Court and the Government if Continuance is Granted

Defendant asserts in his motion that "[t]here is little to no prejudice to the [G]overnment if this trial is continued." [ECF 108 at 4.] That is patently false.

This offense occurred on May 2, 2020, and 29 surviving material witnesses were pulled from the water that morning. Homeland Security Investigations (HSI) immediately assumed responsibility for those individuals. *See* Exhibit 1, Declaration of Michael J. Prado. Ten of the material witnesses were named in charges in the Indictment and thus became necessary to the presentation of the Government's case. HSI obtained paroles and processed bond paperwork to permit nine material witnesses to remain in the United States on conditions of release pending trial in this case.[1] *See id.* at 1. Throughout the pendency of this case, HSI has been and remains responsible for monitoring those individuals to ensure that they abide by their conditions of release and remain available to testify at trial. *See id.* at 2. The established protocol requires telephonic contact with the material witnesses on the first day of each month, ascertaining whether any of the material witnesses have had contacts with law enforcement, and documenting and updating addresses and phone numbers monthly. *See id.* When a material witness fails to make telephonic contact, HSI must track down the material witness directly or through his/her sponsor or material witness counsel. *See id.* On one occasion, a material witness wanted to return to Mexico rather than remain in the United States, which created conflict with the individual's sponsor and required a representative of HSI to intervene in order to deescalate the situation, although tensions remain high. *See id.* HSI also must maintain the alien registration files for each of these material witnesses until the conclusion of the case. *See id.*

HSI took the unusual step of assigning one of its own agents, Special Agent Michael J. Prado, the responsibility of serving as material witness coordinator. *See id*. This is not a customary role for an HSI special agent, but the agency felt it was necessary due to the extraordinary nature of this case. *See id.* This has required Agent Prado to take time away each month from his regular duties and responsibilities to follow the established protocol as to each material witness. *See id.* This has been a significant, case-related burden on HSI

---

[1] The tenth material witness did not satisfy HSI's requirements for a parole into the United States, was deposed, and then returned to Mexico. That individual remains in contact with his material witness attorney and is expected to return for trial.

generally and Agent Prado specifically for the past seven and a half months and will continue to be until trial is complete.

Unfortunately, the undersigned is aware from recent appearances before this Court in other cases that it has no available trial dates until at least June. A delay of more than six additional months in getting this case to trial will prejudice the Government at a minimum by requiring HSI and Agent Prado to continue to devote time and resources monitoring these nine material witnesses, not to mention the burden it places on the nine sponsors. Beyond that specific prejudice, it also risks witnesses' memories fading over time and perhaps becoming unavailable. As such, this factor weighs in favor of denying Defendant's request for a continuance.

### D. **Prejudice to Defendant if Continuance is Denied**

A district court's decision denying a defendant's request to continue the trial cannot be reversed on appeal unless the defendant suffered prejudice as a result. *See United States v. Mejia*, 69 F.3d 309, 316 (9th Cir. 1995). Thus, this fourth factor is the "most critical." *Zamora-Hernandez*, 222 F.3d at 1049. Prejudice in this context is commonly assessed by looking to whether the denial of the continuance request deprived the defendant of the opportunity to present additional evidence or testimony. *See, e.g., Mejia*, 69 F.3d at 317 ("Where the denial of a continuance prevents the introduction of specific evidence, the prejudice inquiry focuses on the significance of that evidence."); *see also United States v. Gonzalez-Rincon*, 36 F.3d 859, 865 (9th Cir. 1994)("[Gonzalez] does not, however, establish the substance of any expert testimony she may have obtained had the district court granted her request for a continuance."); *United States v. Long*, 706 F.2d 1044, 1053 (9th Cir. 1983) ("Long has failed to identify any additional evidence he would have been able to present in his defense had his motion been granted.").

At the outset, the Government notes that Defendant does not allege that a continuance of the trial is necessary to allow him to obtain additional evidence or locate additional witnesses. Rather, Defendant's argument that he would be prejudiced by the denial of his request for a continuance of the trial essentially boils down to a general

assertion that he has inadequate time to prepare for trial, especially if he chooses to testify and assert a duress defense. Putting aside the inherent question as to the sufficiency of his trial preparation efforts to date (the first factor discussed above), this allegation is simply not true.

Much of Defendant's alleged necessity for the continuance focuses on the potential penalties he faces if convicted. [ECF 108 at 4 ("He is facing three life sentences should he proceed to trial").] While the penalties are serious, the facts of this case are not complex, and trial will be relatively straightforward. There is no dispute that Defendant was the pilot of a boat carrying over 30 individuals that he knew had no right to enter or remain in the United States. There is no dispute that he attempted to bring these individuals to the United States without inspection, at other than a designated port of entry, and for the financial gain of himself or someone else. And there is no dispute that the alien smuggling activity in which he was involved resulted in the deaths of three individuals. Defendant concedes as much when he says in his motion that "[i]f this case proceeds to trial, a duress defense is more than likely[.]" [ECF 108 at 4.] And there is more than sufficient time for him to prepare that defense, as trial is not scheduled to commence for more than a month. Furthermore, defense counsel in her Declaration states that "[t]he issues regarding [her] ability to communicate with [Defendant] – in-person or over the phone have most likely resolved," and that "[i]n the coming weeks, [she] anticipate[s] being able to spend more time in MCC[.]" [ECF 108-1 at 4.]

Therefore, because Defendant has failed to identify any actual prejudice he will suffer, this most critical factor also weighs in favor of denying his request to continue the trial.

//
//
//
//
//

## IV.
## CONCLUSION

For the reasons set forth above, the Court should deny Defendant's motion for a continuance of the trial date.

DATED: December 15, 2021             Respectfully submitted,

                                     RANDY S. GROSSMAN
                                     Acting United States Attorney

                                     /s/ C. Seth Askins
                                     C. SETH ASKINS
                                     LYNDZIE M. CARTER
                                     Assistant U.S. Attorneys